## MOTION PICTURE MACHINE OPERATORS LOCAL NO. 407 v. ZARAGOZA AMUSEMENT CO. et al.

### No. 12024.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 14, 1949.

Rehearing Denied Jan. 11, 1950.

Archer, San Miguel & Cadena, San Antonio, for appellant.

George F. Manning, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Zaragoza Amusement Company, a private corporation, American Family Life Insurance Company, a corporation, South Texas Chamber of Commerce, a corporation, Charles W. Ross and Allan Abernathy, doing business as Alameda Studio, Manuel D. Leal, Joe Alavarez and L. E. Richards, doing business as Good Neighbor Broadcasting Company, Ephraim Arredondo, doing business as Alameda Jewelers, and Jack Mills, doing business as Aztec Brokerage Company, complaining of the Latin American Motion Picture Machine Operators Union, affiliated with the American Federation of Labor Local Union No. 407 and Motion Picture Machine Operators

Local No. 407 of the International Alliance of Decorating Stage Employees and Moving Picture Machine Operators of the United States and Canada, and for cause of action plaintiffs contended that the above named labor unions were having a labor dispute with the Alameda Theatre located at 514 W. Houston Street, San Antonio, Texas, in the International Building, which is owned by Zaragoza Amusement Company. As a result of this labor dispute the defendant, who will be hereafter referred to as the union, began to, picket the Alameda Theatre on March 9, 1949, and placed their picket lines not only in front of the entrance to the Alameda Theatre but extended such line so that it covered the entire front of the International Building. Thus the picket line was maintained in the front of the Alameda Studio, the Alameda Theatre, the Alameda Jewelers, the entrance to the International Building, the emergency exit of the Alameda Theatre, and the unrented space on the ground floor of the International Building.

The trial was before the court without the intervention of a jury and resulted in judgment ordering and decreeing that the defendant union be perpetually enjoined from maintaining a picket line in front of the Alameda Studio, 510 West Houston Street, Alameda Jewelers, 516 West Houston Street, the front entrance to the International Building, 518 West Houston Street, and the unrented space of the International Building, located at 520 West Houston Street. All of said locations being in the International Building, situated within the corporate limits of the City of San Antonio, Bexar County, Texas. From this judgment the defendant unions have prosecuted this appeal.

The front of the Alameda Theatre, which faces West Houston Street, is 51 feet 10 inches in width. Under the injunction the appellant is not prohibited from maintaining a picket line along this front, but it is prohibited from maintaining a picket line in front of the other businesses above named. It is conceded that the Alameda Studio and the Alameda Jewelers have no labor dispute with appellant, neither does the Zaragoza Amusement Company, the owner of the International Building, the only labor dispute being with the Alameda Theatre. The trial judge made and filed findings of fact. His findings, 6, 7, 8, 9 and 10, are as follows:

"6. The signs carried by defendant on the said extended picket line are phrased and printed in such a manner that they have and will mislead the general public in believing that the Alameda Studio and Alameda Jewelers are involved in a labor dispute with defendant. That by reason of being so misled, plaintiffs, Alameda Studio and Alameda Jewelers, have and will suffer loss in the operation of their respective businesses.

"7. The aforesaid purpose of the defendant in maintaining its picket line is effectively accomplished by picketing in front of the said entrance to Alameda Theatre.

"8. By reason of the labor dispute between defendant and Alameda Theatre and the consequent picket line certain labor unions have instructed their members not to cross said picket line and/or enter said International Building and complete certain work in said International Building, although the work to be completed is independent of and has no connection with the Alameda Theatre, and said members have, in compliance with said instructions, refused to enter said building.

"9. Plaintiff, Zaragoza Amusement Company, has nine offices and the aforesaid unrented space to complete by way of construction in said building and all of said construction is independent of the Alameda Theatre. Members of labor unions have refused to enter said building and complete said work by reason of the maintaining of the picket line in front of said International Building. Zaragoza Amusement Company, until such work has been completed, will lose all rent for said spaces which would be received if said work could be completed.

"10. Tenants of plaintiff, Zaragoza Amusement Company, have complained of defendant maintaining a picket line in front of the front entrance to said Inter-

national Building and in several instances have indicated that if such picketing continues they will cancel their tenancies."

Appellant challenges the sufficiency of the evidence to support these findings by the trial judge and contends that the injunction should not have been granted because there was no showing that appellees would suffer irreparable injury. The evidence shows that when the picket lines were established on March 9, 1949, there were several offices in the International Building which were unfinished and that there was a large space on the ground floor fronting on West Commerce Street which had not been completed. When the picket line was established the workmen refused to cross the line and the Amusement Company was unable to finish these offices or this space on the ground floor. Also, there was evidence from the owner of the Alameda Studio that his business had declined from the time the picket line was established. The evidence also shows that the pickets carried signs with the words "Alameda" and "unfair" in large and bold-face type, while the word "theatre" was in much smaller type. Inasmuch as the studio and the jewelry store also had the word Alameda in their name it is easy to conclude, as the trial judge did, that the public would be misled to believe that all of these establishments were engaged in a labor dispute with the union and that by reason of all of these facts these appellees would suffer irreparable injury.

Appellant contends that inasmuch as the labor dispute between it and the Alameda Theatre concerned the employment of non-union workers to operate the motion picture projection machines in the theatre, and inasmuch as the most practicable way to reach the projection booth of the theatre was to enter the International Building through the main entrance and take the elevator to the fifth floor, and thus go to the projection booth, it had a right to picket this main entrance to the International Building. The Union further points out the fact that the way to reach the business offices of the theatre was through this same entrance and, further, that the business offices of the theatre were above this entrance. We overrule this contention. It is clear that the Union cannot extend its picket line from the front entrance of the theatre to include the entrance to the International Building without also maintaining a picket line in front of the jewelry store. W. P. Keeler, the business representative of the Union, testified, in effect, that the purpose of maintaining the picket line was to inform the patrons of the Alameda Theatre that a labor dispute existed between the union and the theatre and to endeavor to persuade the public not to patronize the theatre until the dispute was settled, and, of course, it is perfectly obvious that this is the purpose of maintaining the picket line. The union can accomplish its purpose without maintaining a picket line in front of a business with which it has no labor dispute.

It will be borne in mind that no contention has been here made that the union did not have a right to maintain its picket line in front of the entrance to the theatre, which was some 51 feet and 10 inches wide. The controversy here is as to the right of the union to maintain its picket line in front of business establishments with which it has no labor dispute.

There can be no question of the right of the labor union to maintain its picket line in front of an establishment with which it has a labor dispute, and thereby inform the public of the existence of such dispute and endeavor to persuade them not to patronize such establishment. Thornhill v. State of Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949; Murdock v. Commonwealth of Pennsylvania, 319 U.S. 105, 63 S.Ct. 891, 87 L.Ed. 1292; Cantwell v. State of Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213, 128 A.L.R. 1352. However, this does not give the union a right to maintain a picket line in front of a business with which it has no dispute. It occurs to us that the trial court was justified, under the facts and circumstances of this case, in granting an injunction which would in effect permit the union to maintain a picket line only in front of the entrance to the theatre, and forbid it to main-

tain the same in front of other establishments with which the union has no dispute.

Appellant further contends that it should be permitted to maintain its picket line in front of these other business establishments because the inner width of the theatre extends past these stores. The mere fact that the inner space of the theatre extends back of these establishments should not give appellant the right to maintain a picket line in front of a business with which it has no labor dispute.

Accordingly, the judgment of the trial court is affirmed.

BROETER, A. J., not participating.